[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2002
THOMAS K. KAHN
CLERK

————————————

No. 00-16345

————————————

D. C. Docket No. 97-01976-CV-T-26E

VENCOR HOSPITALS, INC.,
d.b.a. VENCOR HOSPITAL-TAMPA,

Plaintiff-Appellant,

versus

STANDARD LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————

**(January 24, 2002)**

Before ANDERSON, Chief Judge, BLACK, Circuit Judge, and MORENO[*],
District Judge.

BLACK, Circuit Judge:

---

[*]Honorable Frederico A. Moreno, U.S. District Judge for the Southern District of Florida, sitting by designation.

Appellant Vencor Hospitals, Inc. filed a motion for reconsideration following the grant of summary judgment in favor of Appellee Standard Life and Accident Insurance Company. The motion for reconsideration was denied by the district court; however, neither party received notice of the order. After discovering the denial of its motion for reconsideration almost a year later, Appellant sought relief from judgment. The district court determined relief was precluded based on the 1991 amendment adopting Federal Rule of Appellate Procedure 4(a)(6). We affirm.

## I.  BACKGROUND

Appellant commenced this action to recover the balance due for hospital services rendered to Etha Good, a Florida resident to whom Appellee had issued an insurance policy providing benefits supplementing her Medicare coverage. At issue was whether the terms of the insurance policy limited reimbursement to the discounted rates accepted by the hospital from Medicare, or whether the policy obligated payment at Appellant's standard rates. Following cross-motions for summary judgment, the district court granted summary judgment in favor of Appellee, holding the policy unambiguously mandated payment at Medicare rates.

Appellant timely moved for reconsideration. On October 26, 1999, the district court issued an order denying the motion for reconsideration. Neither

2

party, however, received notice of the order. Nearly a year later, on or about October 6, 2000, Appellant first learned its motion for reconsideration had been denied.[1]

On October 17, 2000, Appellant filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). In this motion, Appellant asked the district court to vacate its October 26, 1999 order denying reconsideration and re-enter the order on or about October 6, 2000, the date of actual notice. In effect, Appellant sought an extension of the time period for filing a notice of appeal from the order denying its motion for reconsideration. Based on the 1991 amendment adopting Federal Rule of Appellate Procedure 4(a)(6), the district court concluded relief from judgment – almost a year after its entry – was not available under Rule 60(b). Appellant's motion for relief from judgment, thus, was denied.

## II. STANDARD OF REVIEW

---

[1] On October 6, 2000, the district court issued an order denying an October 2, 2000 motion for relief from summary judgment filed by Appellant. The basis of the October 2, 2000 motion was a recent opinion from the United States Court of Appeals for the District of Columbia. *See Vencor, Inc. v. Physicians Mut. Ins. Co.*, 211 F.3d 1323 (D.C. Cir. 2000). In its October 6, 2000 order, the district court concluded the District of Columbia Circuit's opinion did not affect its summary judgment in favor of Appellee. Discussing denial of the motion for relief, however, the district court noted its earlier denial of Appellant's motion for reconsideration. This was the first notice received by Appellant indicating its motion for reconsideration had been denied.

3

A district court's interpretation of federal procedural rules is subject to *de novo* review. *See Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1279 (11th Cir. 2000) (holding a district court's interpretation of the Federal Rules of Civil Procedure is a question of law subject to *de novo* review); *Silvious v. Pharaon*, 54 F.3d 697, 700 (11th Cir. 1995) (same); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096-97 (11th Cir. 1996) (same).

## III.  DISCUSSION

This appeal concerns the circumstances under which a district court can extend the time for filing an appeal when a party does not receive actual notice of the judgment.  Appellant argues the district court erred in denying its motion for relief from judgment, arguing Rule 60(b) may be used to circumvent the deadlines for appeal set forth in Federal Rule of Appellate Procedure 4(a).  Alternatively, Appellant argues it should be given additional time to file an appeal based on the unique circumstances arising from its lack of notice.[2]

A.     Relief from Judgment Based on Lack of Actual Notice

---

[2]  Appellant also contends the district court should have granted its motion for relief from judgment based on a change in the law set forth in *Vencor, Inc. v. Physicians Mutual Insurance Co.*, 211 F.3d 1323 (D.C. Cir. 2000).  As discussed *infra* in footnote 1, the District of Columbia Circuit's opinion served as the basis of Appellant's October 2, 2000 motion for relief from summary judgment, not as a basis of Appellant's later October 17, 2000 motion for relief from judgment based on lack of notice.  The district court denied Appellant's October 2, 2000 motion for relief on October 6, 2000.  The district court's October 6, 2000, order denying relief was not appealed and, thus, the change-of-law argument raised by Appellant is not properly before this Court.

Federal Rule of Appellate Procedure 4(a) prescribes strict time limits for filing a notice of appeal after entry of a final judgment or order by the district court. Generally, notice of an appeal must be filed within 30 days after the judgment or order being appealed is entered. Fed. R. App. P. 4(a)(1)(A). Although the district court clerk's office is obligated to serve parties with notice of judgments and orders, "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed. R. Civ. P. 77(d).

Prior to 1991, neither the Federal Rules of Civil Procedure nor the Federal Rules of Appellate Procedure contained provisions permitting an extension of the time limit for filing an appeal when a party entitled to receive notice of the entry of a judgment or order fails to receive such notice. In 1991, however, Federal Rule of Appellate Procedure 4(a) was amended to include subsection (6), which states:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be

5

> appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).  By providing a limited opportunity to reopen the time for appeal, Rule 4(a)(6) balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments.

Having failed to receive actual notice of the district court's October 26, 1999 order denying its motion for reconsideration until almost a year after the order was entered, Appellant did not appeal the order within the 30-day time period set forth in Rule 4(a).  Unfortunately for Appellant, the deadline for seeking to reopen its time for appeal pursuant to Rule 4(a)(6) also had passed.  Although Appellant likely could meet the second and third conditions for reopening the time for appeal, the first condition could not be satisfied because more than 180 days had elapsed since the judgment was entered.

Unable to seek an extension of time to appeal under Rule 4(a)(6), Appellant filed a motion for relief from judgment pursuant to Rule 60(b).  Rule 60(b) allows a district court to relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect, . . . or . . . any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  Prior to 1991, relief from

6

judgment under Rule 60(b) was a recognized method of avoiding the otherwise harsh results imposed upon parties failing to receive actual notice of a judgment until after the time for appeal had passed. *See, e.g., Harnish v. Manatee County, Florida*, 783 F.2d 1535, 1538 (11th Cir. 1986) ("By availing itself of the escape valve provided by Rule 60(b) of the Federal Rules of Civil Procedure in vacating and reentering its order on the Rule 59 motion, the court avoided the manifest injustice worked by a rigid application of the provisions of Rule 77(d) to the above-recited facts.").

At issue is whether, in light of the 1991 amendment adopting Rule 4(a)(6), Rule 60(b) continues to be a viable means of *de facto* granting an extension of the time in which a party failing to receive notice of a final judgment or order may file an appeal.[3] The amendment itself acknowledges the unfairness of enforcing the strict Rule 4(a) deadlines for filing an appeal when a party does not receive notice of a judgment or order. By way of remedying such inequities, the amendment permits an extension of the time to appeal. Such extension, however, is not unlimited. In the interest of protecting the finality of judgments, Rule 4(a)(6) specifically conditions extension on the filing of a motion for relief within 180

---

[3] Although this issue previously was recognized by the Court in *Villano v. City of Boynton Beach*, its resolution was not necessary for reaching a decision in that matter. 254 F.3d 1302, 1313 (11th Cir. 2001) ("Whether the Eleventh Circuit will join the circuits that have already addressed the effect of the 1991 addition to Rule 4 is a question for another case.").

days after the judgment or order is entered.  Under the plain meaning of Rule 4(a)(6), district courts are authorized to reopen the time for filing an appeal based on lack of notice solely within 180 days of the judgment or order.

Also instructive on the effect of Rule 4(a)(6) are the explanatory notes of the advisory committee adopting the 1991 amendment:

> The amendment provides a *limited opportunity* for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal.  The amendment adds a new subdivision (6) allowing a district court to reopen *for a brief period* the time for appeal upon a finding that notice of entry of a judgment or order was not received from the clerk or a party within 21 days of its entry and that no party would be prejudiced. . . .
> Reopening may be ordered *only* upon a motion filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, whichever is earlier.  This provision establishes an *outer time limit* of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal . . . .

Fed. R. App. P. 4 advisory committee's notes to 1991 amendment (emphasis added).  As with the language of the amendment itself, the advisory committee's notes evidence an intent to provide an exclusive, limited opportunity for relief when a party fails to receive notice of the entry of a judgment or order.  To permit extensions of the time to appeal beyond the 180-day limit set forth in Rule 4(a)(6) would effectively thwart the purpose of the amendment.

Based on the foregoing, we conclude Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered. We further conclude Federal Rule of Civil Procedure 60(b) cannot be used to circumvent the 180-day limitation set forth in Rule 4(a)(6). In so holding, we join all of the other circuits examining this issue.[4] *See, e.g., Clark v. Lavallie*, 204 F.3d 1038 (10th Cir. 2000) (holding Rule 4(a)(6) trumps Rule 60(b)); *Servants of the Paraclete v. Does I-XVI*, 204 F.3d 1005 (10th Cir. 2000) (same); *In re Stein*, 197 F.3d 421 (9th Cir. 1999) (same); *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357 (8th Cir. 1994) (same); *see also* 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3950.6 at 228 (3d ed. 1999) ("Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered. Once the 180-day period has expired, a district court cannot rely on the one-time practice of vacating the judgment and reentering the same judgment in order to create a new appeal period.").

---

[4] Appellant cites *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993) for the proposition there is a circuit split on this issue. Although *Lewis* was issued after 1991 and involves application of Rule 60(b) to reopen the time for appeal, the Sixth Circuit did not address the 180-day limitation set forth in Rule 4(a)(6). Rather, the issue in *Lewis* concerned use of Rule 60(b) to provide an exception to Federal Rule of Appellate Procedure 4(a)(5). Importantly, *Lewis* did not involve an untimely appeal based on lack of notice of a final judgment.

Appellant undisputedly did not learn of the district court's order denying its motion for reconsideration until almost a year after entry of the order. After becoming aware of the order, Appellant promptly sought relief; however, the judgment could not be reopened under Rule 4(a)(6) because more than 180 days had elapsed since entry of the order. Although Appellant found itself in the unenviable position of having failed to file a timely notice of appeal because it lacked notice, the district court held Rule 60(b) could not be used to accomplish what Rule 4(a)(6) expressly forbade. We conclude the district court correctly determined its inability to grant relief under Rule 60(b) and affirm.

B.    Unique Circumstances Arising from Lack of Notice

Even if Rule 60(b) is no longer a viable means of obtaining relief for failure to timely appeal due to lack of notice, Appellant argues the district court nevertheless had the ability to extend its time for appeal based on the unique circumstances doctrine. The unique circumstances doctrine was first recognized by the United States Supreme Court in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S. Ct. 283 (1962), and *Thompson v. INS*, 375 U.S. 384, 84 S. Ct. 397 (1964), wherein the Court acknowledged the inequity of foreclosing appeals by parties whose failure to file timely notices of appeal results from reliance upon assurances of the court. More recently, in *Osterneck v. Ernst &*

10

*Whitney*, 489 U.S. 169, 109 S. Ct. 987 (1989), the Supreme Court clarified the limited circumstances under which the doctrine arises: "By its terms, [the unique circumstances doctrine] applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." 489 U.S. at 179, 109 S. Ct. at 993.

This Court traditionally has construed the unique circumstances doctrine in a broad manner. For example, the doctrine has been applied when misleading assurances were made by the clerk's office, rather than a judicial officer. *See Willis v. Newsome*, 747 F.2d 605 (11th Cir. 1984) (applying unique circumstances doctrine when employee of clerk's office assured counsel his notice of appeal would be stamped as received on date of mailing). Additionally, the doctrine has not been limited to verbal assurances, but has been applied to any judicial action upon which a party reasonably relied, "so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity." *Butler v. Coral Volkswagen, Inc.*, 804 F.2d 612, 617 (11th Cir. 1986); *see also Hollins v. Dept. of Corrs.*, 191 F.3d 1324 (11th Cir. 1999) (applying unique circumstances doctrine where clerk's

11

office failed to enter final order onto PACER docketing system, which petitioner regularly monitored based on encouragement from clerk's office).

Crucial to the application of the unique circumstances doctrine is the occurrence of a judicial action upon which a party relies in failing to file a timely notice of appeal. As a result, the mere failure of the district court clerk's office to serve Appellant with notice of the October 26, 1999 order, standing alone, does not constitute a judicial assurance or action sufficient to warrant relief under the unique circumstances doctrine.[5] In addition to the lack of notice, however, Appellant contends it was lulled into inactivity by specific actions of the district court clerk's office. In the months following entry of the district court's October 26, 1999 order, Appellee filed two separate notices of supplemental authority in opposition to the motion for reconsideration. By virtue of the clerk's accepting the two notices, Appellant suggests it was led to believe no order had been issued. Appellant contends this false belief constitutes a unique circumstance warranting relief.

---

[5] Such circumstances are specifically contemplated by, and relief is provided under, Federal Rule of Appellate Procedure 4(a)(6) and Federal Rule of Civil Procedure 77(d). Even prior to the 1991 amendment adopting Rule 4(a)(6), however, such circumstances would not have warranted relief under the unique circumstances doctrine because they do not involve judicial actions or assurances.

Under the facts of this case, we conclude the acceptance of the notices of supplemental authority do not warrant relief under the unique circumstances doctrine. As an initial matter, the notices of supplemental authority were filed by Appellee, not Appellant. More significantly, the notices were filed on January 6, 2000, and March 29, 2000, respectively. Thus, even if the mere acceptance of the notices by the clerk's office was sufficient to constitute a judicial action, and even if any reliance on such acceptance was reasonable, the acceptance occurred *after* expiration of the time period for appeal of the district court's October 26, 1999 order. As a result, the clerk's acceptance of Appellee's notices could not have prevented Appellant from giving timely notice.

## IV. CONCLUSION

The district court correctly denied Appellant's motion for relief from judgment. In light of the 1991 amendment to Rule 4(a)(6), Rule 60(b) is no longer a viable means of extending a party's time to appeal based on failure to receive notice of a judgment or order. Furthermore, the circumstances of this case do not warrant application of the unique circumstances doctrine.

AFFIRMED.