[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-13870
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-02353-CV-TWT-1

CHARLES ODUKOYA,

Plaintiff-Appellant,

versus

CARMEN REESE,
K. C. JACKSON,
CORNEL CYPRESS,
FRANK STEWART,
Postal Inspectors,
DAVID WILLIAMS,
U.S. Postal Inspector General,
et al.,

Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------------------------------

**(May 25, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Charles Odukoya, a pro se federal prisoner, appeals the district court's denial of his motion to extend the time to file a notice of appeal ("NOA") in his civil rights action, brought under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 91 S.Ct. 1999 (1971). No reversible error has been shown; we affirm.

On 22 March 2005, the district court dismissed Plaintiff's Bivens action for failure to state a claim. Judgment was entered on 23 March 2005. On 12 April, the clerk noted that mail sent to Plaintiff had been returned as undeliverable. On 27 May 2005, the district court received a notice from Plaintiff stating that his address had changed from the Atlanta City Detention Center to the Federal Correctional Institution in Yazoo City, Mississippi ("FCI Yazoo City"). On 6 June, Plaintiff moved for an extension of time to file a notice of appeal, claiming that, from 22 March until 7 April, he was in transit and unable to receive correspondence; he asserted that he did not receive the dismissal order until 31 May. The district court denied his motion because Plaintiff had failed to notify the clerk of his change of address in a timely fashion.

2

Plaintiff argues that the district court should have excused his failure to file a timely NOA because he alleges he did not receive a copy of the dismissal order until 31 May 2005, when it arrived in the mail after his transfer to FCI Yazoo City. He contends that he did not send a change-of-address notice to the district court immediately because he was unaware that he had to keep the district court clerk informed of his location; he assumed that the Bureau of Prisons automatically would update his address to the district court.[1]

We review for an abuse of discretion a district court's decision on a motion for an extension of time to appeal. In re Old Naples Sec., Inc., 223 F.3d 1296, 1302 n.7 (11th Cir. 2000). This standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (quotation omitted).

In a civil case against the government, a notice of appeal by a pro se prisoner must be filed within 60 days after judgment is entered. Fed.R.App.P. 4(a)(1)(B), (c)(1). Lack of notice of entry of a judgment does not excuse the failure to file a timely notice of appeal, except as permitted in Fed.R.App.P. 4(a).

---

[1]Plaintiff also challenges the substance of the district court's dismissal of his Bivens action. As we uphold the district court's denial of Plaintiff's motion for an extension of time to file an NOA, we do not address these arguments.

3

See Fed.R.Civ.P. 77(d). Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment has been entered. Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1311 (11th Cir. 2002).

Rule 4(a)(6) allows--but does not require--a district court to reopen the time to file an appeal if certain conditions are met. See Fed.R.App.P. 4(a)(6). And the applicable local rules provide that the district court can dismiss an action if a party fails to keep the clerk's office informed of a change in address which causes a delay. See N.D. Ga. R. 41.2(C), 83.1(D)(3). Plaintiff, therefore, was on constructive notice that he was required to update his address to the district court at all times or face adverse consequences. His admitted failure to keep the district court informed of his location caused a delay in his receipt of the judgment. Under these facts, the district court's refusal to extend the time to file an NOA was not a clear error of judgment and, thus, did not constitute an abuse of discretion.

**AFFIRMED.**