[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------------------------------------

No. 06-16173
Non-Argument Calendar

--------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2007
THOMAS K. KAHN
CLERK

D.C. Docket Nos.
05-00145-CV-CB
02-00086-CR-CB

TRUMAN RODNEY DANIEL,

Petitioner-Appellant,

versus

UNITED STATES OFAMERICA,

Respondent-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Alabama

----------------------------------------------------------------

**(August 17, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Truman Rodney Daniel, a federal prisoner appearing pro se, appeals the denial of his motion to reopen the time for filing a notice of appeal of his previously denied 28 U.S.C. § 2255 motion to vacate his sentence. No reversible error has been shown; we affirm.

Here, the district court concluded that, pursuant to the requirements of Federal Rule of Appellate Procedure 4(a)(6), it could not reopen the time to appeal in this case. "A district court's interpretation of federal procedural rules is subject to de novo review." Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1308 (11th Cir. 2002).

A district court may reopen the time to file an appeal only if certain conditions are satisfied, including that "the motion [to reopen] is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed.R.App.P. 4(a)(6)(B) (emphasis added); see also Vencor Hosps., 279 F.3d at 1310 ("Under the plain meaning of Rule 4(a)(6), district courts are authorized to reopen the time for filing an appeal based on lack of notice solely within 180 days of the judgment or order.").

In this case, the judgment denying Daniel's section 2255 motion was entered on 9 January 2006. Daniel asserts that he received notice of the district

2

court's judgment on 29 August 2006 and that he submitted his motion to reopen within seven days of that date. But because Daniel did not file his motion to reopen by 10 July 2006 -- which was 180 days after entry of the 9 January 2006 judgment and was the earlier of the limits provided in Fed.R.App.P. 4(a)(6)(B) -- the district court properly denied his motion to reopen. See Fed.R.App.P. 4(a)(6)(B); Fed.R.App.P. 26(a)(3) (explaining date calculation when last day of period falls on a weekend).

We affirm the district court's denial of Daniel's motion to reopen the time for filing an appeal.

AFFIRMED.