[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10762
Non-Argument Calendar
_____

D.C. Docket No. 6:08-cv-02005-GKS-KRS


SHAMIR JOSIA SUBER,

                                                    Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                    Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 6, 2013)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

    Shamir Josia Suber, a Florida prisoner, appeals through counsel the district

court's order denying his *pro se* motion under Federal Rule of Civil Procedure

60(b), which sought relief from the court's order denying his motion under Federal Rule of Appellate Procedure 4(a)(6) to reopen the time period to file a notice of appeal.

In December 2008, Suber filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The district court denied Suber's petition and dismissed the case with prejudice in a judgment filed on April 21, 2010. On December 15, 2010, Suber sent a *pro se* letter of inquiry to the district court's clerk of court requesting information regarding his petition, including whether the court had ruled on the petition. Upon learning that his petition had been denied, Suber moved *pro se* to reopen the time to file an appeal, pursuant to Rule 4(a)(6), alleging that he never received a copy of the court's order originally denying his habeas corpus petition. The district court denied the Rule 4(a)(6) motion to re-open the time to file an appeal. Suber then filed the Rule 60(b) motion for relief from this denial which is the subject matter of this appeal. We generally review a district court's denial of a Rule 60(b) motion for an abuse of discretion. Jackson v. Crosby, 437 F.3d 1290, 1295 (11th Cir. 2006).

We find no reversible error because his motion under Rule 4(a)(6) to reopen the time period to file a notice of appeal was correctly denied as more than 180

days had elapsed since the judgment was entered.[1]  Therefore, we find no abuse of discretion in the denial of his Rule 60(b) motion.

**AFFIRMED.**

---

[1] A district court is not authorized to reopen the time to file a notice of appeal based on lack of notice when more than 180 days have passed since the entry of the judgment or order, and we have held that "[t]o permit extensions of the time to appeal beyond the 180-day limit . . . would effectively thwart the purpose of [Rule 4(a)(6)]."  Vencor Hosp., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1310-11 (11th Cir. 2002).  We have concluded that Rule 4(a)(6) "provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered [, and that] Rule 60(b) cannot be used to circumvent the 180-day limitation set forth in Rule 4(a)(6)."  Id. at 1311.