[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No.  14-11135
Non-Argument Calendar

————————————————

D.C. Docket No. 5:09-cv-00204-RS-EMT

CHARLIE SCOTT,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(July 24, 2014)

Before PRYOR, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Charlie Scott, proceeding *pro se*, appeals the district court's denial of his

motion to reopen the time for filing a notice of appeal.  Because the district court

plainly lacked the authority to reopen the time to file an appeal nearly three years

after the order that Scott sought to appeal had been issued, we summarily affirm the district court's denial.

## I.

The timeline of events in this case dictates the outcome of this appeal. On March 4, 2011, the district court denied Scott's 28 U.S.C. § 2241 petition for writ of habeas corpus. Scott filed a *pro se* notice of appeal six days later. In April 2011, however, we dismissed Scott's appeal for want of prosecution and because Scott had failed to timely pay the filing fees or to move to proceed *in forma pauperis*.

About a week later, Scott filed a motion with this Court seeking an extension of time to pay the filing fees because, he explained, he was confined in administrative detention pending a transfer to another prison, and he did not have access to his personal inmate account, his personal property and legal material, or the law library. Since Scott filed his motion a week after this Court had already dismissed his appeal, Scott's motion was rendered moot, and the Court returned Scott's filing to him, advising him that the Court would not take further action on his appeal until he paid the filing fees or the district court granted a motion to proceed *in forma pauperis*, at which point Scott could submit a motion to reinstate his appeal.

In July 2011, therefore, Scott filed a motion in the district court for leave to

2

proceed *in forma pauperis*.  The district court denied the motion in October 2011, after concluding that Scott's motion and supporting documents "reveal[ed] that [Scott] ha[d] not truthfully answered the questions on the sworn application" and that the appeal was not taken in good faith.

Nearly two years passed before the district court next heard from Scott.  In September 2013, Scott moved the district court to reinstate his § 2241 petition and allow him to proceed *in forma pauperis*.  The district court denied Scott's motion to the extent that it sought to reopen the case, noting that the petition had been denied with prejudice on March 4, 2011.  But the district court granted Scott's motion to proceed *in forma pauperis*.

In October 2013, Scott moved this Court to reinstate his 2011 appeal of the denial of his § 2241 petition.  We denied Scott's motion in December 2013.

Then, in February 2014, nearly three years after the district court denied his § 2241 petition, Scott moved the district court to reopen the time to file a notice of appeal.  Noting that the petition that Scott sought to appeal had been denied and dismissed with prejudice on March 4, 2011, the district court denied Scott's motion.  Scott now appeals that ruling.  The government has moved for "summary affirmance" of the district court's order and for an order staying the briefing schedule.  Scott opposes the motion.

**II.**

3

Summary disposition is appropriate either where time is of the essence, such as in "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] We review a district court's denial of a request to reopen the time to file a notice of appeal for abuse of discretion. *See McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002).

### III.

Rule 4(a)(1)(B), Fed. R. App. P., governs the time limitations on filing an appeal in a civil case where one party is a United States officer or employee sued in an official capacity. Under Rule 4(a)(1)(B), in such a case, a party must file an appeal within 60 days after entry of the judgment. Fed. R. App. P. 4(a)(1)(B).

In limited circumstances, however, Rule 4(a)(6), Fed. R. App. P., authorizes the district court to reopen the time to file an appeal for "14 days after the date when its order to reopen is entered." To enter an order reopening the time to file an appeal, a district court must find that all of the following conditions are

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

satisfied: (1) the moving party did not receive notice of entry of the judgment or order within 21 days of entry; (2) the motion to reopen is filed within 180 days after the judgment or order is entered, or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6); *see Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1311 (11th Cir. 2002). Because Rule 4(a)(6) "provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered," the time to reopen may not be extended if a party fails to meet any of Rule 4(a)(6)'s requirements. *Vencor Hosps., Inc.*, 279 F.3d at 1311 (citation and quotation marks omitted).

Here, the district court was not permitted to reopen the time to file a notice of appeal of the district court's denial of Scott's § 2241 petition because at least one of the three conditions in Rule 4(a)(6) was not satisfied. First, based on the fact that Scott timely filed a notice of appeal of the district court's order denying his § 2241 petition, it appears that he received notice of the entry of judgment within 21 days of its occurrence. Second, even if he did not, Scott did not file the motion to reopen within 180 days of entry of the district court's judgment denying his § 2241 petition. Fed. R. App. P. 4(a)(6); *see Vencor Hosps.*, 279 F.3d at 1311.

Nor do Scott's claims that he spent some time in administrative detention alter the outcome. First, while it is true that Scott was in transit for a period

5

between the initial dismissal of his appeal in April 2011 and Scott's February 2014 motion seeking to reopen the time to file a notice of appeal, nothing in the record supports the conclusion that he was in transit for the entire 180 days following the district court's March 4, 2011, entry of judgment. On the contrary, Scott's filing in July 2011 of his motion to proceed *in forma pauperis* affirmatively demonstrates that Scott could have filed a motion to reopen within 180 days of the March 4, 2011, judgment.

Second, even if Scott had been in transit for the entire period, the requirement is absolute that a party without notice file a motion to reopen within 180 days of the entry of the judgment to be appealed.[2] *See Vencor Hosps.*, 279 F.3d at 1311. Rule 4(a)(6) represents a balancing of "the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." *Id.* at 1309.

In short, because Scott did not file his motion to reopen until nearly three years after the district court entered the judgment that Scott now seeks to appeal, the district court was not authorized to grant Scott's motion. Indeed, the district court's order denying Scott's motion to reopen the time to file a notice of appeal is so clearly right as a matter of law that no substantial question can exist as to the outcome of the case. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

---

[2] Similarly, because Scott's later administrative detention from January 23, 2013, to February 20, 2013, occurred well beyond the 180-day period, it is irrelevant to the analysis.

The government's motion for summary affirmance is GRANTED, the order of the district court is AFFIRMED, and the government's motion to stay the briefing schedule is DENIED as moot.