[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14772
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-90109-CAR-CHW,
5:09-cr-00029-LJA-CHW-2

VERNON ANTHONY REID,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 7, 2017)

Before MARCUS, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Vernon Anthony Reid, a federal prisoner proceeding pro se, appeals the denial of his motion to reopen the time to file an appeal.  After careful consideration of the record and the parties' briefs, we affirm.

## I

This appeal arises from Reid's 28 U.S.C. § 2255 habeas proceedings.  The district court denied Reid's § 2255 habeas petition and our court affirmed.  Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Reid then filed a motion for relief from the district court's judgment.  The district court denied the motion, but according to Reid, the court did not mail a notice of its order to his correct address.  More than a year later, Reid filed a motion to reopen the time to appeal the order, and the district court denied the motion.  Appealing that denial, Reid argues that the district court erred because the court's own misstep—mailing the notice of the Rule 60(b) order to the wrong address—caused him to miss the deadline for appealing the Rule 60(b) order.

## II

Rule 4(a)(6) of the Federal Rules of Appellate Procedure governs this appeal.  Rule 4(a) "prescribes strict time limits for filing a notice of appeal after" the district court enters an order.  *Vencor Hosps., Inc. v. Standard Life & Acc. Ins. Co.*, 279 F.3d 1306, 1309 (11th Cir. 2002).  "Although the district court's clerk office is obligated to serve parties with notice of . . . orders, lack of notice of the

entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed . . . ." *Id.* (internal quotation marks omitted).  The district court can reopen a party's time to file an appeal only if the conditions of Rule 4(a)(6) are satisfied.  *See id.* at 1311.

Rule 4(a)(6) permits the district court to reopen the time to file an appeal if three conditions are satisfied: (1) "the moving party did not receive notice . . . of the entry of the . . . order sought to be appealed within 21 days after entry," (2) the moving party filed its motion "within 180 days after the . . . order [wa]s entered or within 14 days after the moving party receive[d] notice . . . of the entry, whichever is earlier," and (3) "no party would be prejudiced" by reopening the time to appeal. Fed. R. App. P. 4(a)(6).

Here, the second condition of Rule 4(a)(6) is not met, so the district court's decision to deny Reid's motion to reopen the time to file an appeal was not in error.[1]  Under the second condition, the latest a party can move to reopen the time to file an appeal is 180 days after entry of the order that the party seeks to appeal. *See* R. 4(a)(6)(B); *Vencor Hosps., Inc.*, 279 F.3d at 1311.  Reid however filed his

---

[1] We note that the district court applied the wrong legal standard in reaching its decision to deny the motion.  However, we may affirm the district court's "judgment on any ground that finds support in the record." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) (internal quotation marks omitted).  And the record supports affirmance under Rule 4(a)(6).

motion to reopen more than 180 days after entry of the Rule 60(b) order that he seeks to appeal.[2]

**AFFIRMED.**

---

[2] Reid argues that, despite his late filing, the district court could have granted his motion by exercising its power under Rule 60(a) of the Federal Rules of Civil Procedure. But Rule 60(a) affords the district court only the authority to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The rule does not afford the district court the authority to reopen a party's time to file an appeal.