**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

18-3337

_____

GILBERT M. MARTINEZ,
                                                Appellant

v.

HON. MADELYN FUDEMAN, IN HER INDIVIDUAL AND OFFICIAL CAPACITY;
CITY OF READING PROPERTY MAINTENANCE DIVISION;
READING AREA WATER AUTHORITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-16-cv-01290)
District Judge:  Honorable Edward G. Smith

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2019
Before:  CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed:  March 28, 2019)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Gilbert M. Martinez appeals pro se from the District Court's order denying his motion to vacate the judgment filed pursuant to Fed. R. Civ. P. 60(b). For the reasons that follow, we will affirm.

This is the third appeal arising out of an action filed by Martinez against the Honorable Madelyn Fudeman, a Pennsylvania Court of Common Pleas judge, the City of Reading Property Maintenance Division (PMD), and the Reading Area Water Authority (RAWA), for alleged violations of his civil and constitutional rights stemming from the termination of water services to his home. In July 2016, the District Court dismissed with prejudice the claims against Judge Fudeman, and dismissed, in part, the claims against the remaining defendants. In orders entered September 29, 2017, and November 3, 2017, respectively, the District Court granted summary judgment in favor of RAWA and PMD, and denied Martinez's motion for injunctive relief. Martinez appealed on November 6, 2017, and we granted RAWA and PMD's motions to quash the appeal as untimely. See C.A. No. 17-3661. Martinez filed a motion to reopen the time to appeal pursuant to Fed. R. App. P. 4(a)(6), arguing, in part, that he did not receive timely notice of the final judgment. The District Court denied the motion, and we affirmed. See Martinez v. Fudeman, 742 F. App'x 705 (3d Cir. 2018).

Before us now is Martinez's appeal from the denial of his Rule 60(b) motion purportedly seeking relief under Rules 60(b)(1), (3), (4) and (6).[1] As the District Court

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. An order denying a Rule 60(b)(4) motion is subject to plenary review. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 n.5

noted, however, Martinez did not make clear which of his arguments related to the Rule's various subsections. Perhaps invoking Rule 60(b)(1) and (6),[2] he argued that the District Court's judgment should be vacated because he did not receive notice of its entry. The District Court denied relief, citing our decision in Hall v. Cmty. Mental Health Ctr. Of Beaver Cty., 772 F.2d 42 (3d Cir. 1985). We made clear there that, when the sole basis for a Rule 60(b) motion is a party's lack of notice, the motion must meet the time limitations prescribed by Fed. R. App. P. 4(a). Id. at 44. Construed liberally, however, Martinez's motion alleges that he did not receive timely notice of the judgment because the clerk's office intentionally failed to mail a copy of the judgment and misled him about the filing deadline. In Hall, we expressly declined to decide whether relief under Rule 60(b) might be available "when delay in filing an appeal is based on reliance on some affirmative behavior of the district court." Id. at 45. We subsequently found "exceptional circumstances" warranting relief under Rule 60(b) when a habeas petitioner did not receive timely notice of the judgment as a result of "affirmative behavior of the court."

---

(3d Cir. 2008). We review orders denying motions under the other subsections of Rule 60(b) for an abuse of discretion. Id. at 251. To the extent that the post-judgment motion also included arguments in support of Martinez's motion to reopen the appeal, the District Court addressed them in its order denying the Rule 4(a)(6) motion, which Martinez separately appealed. Therefore, the order before us for review is limited to the request for Rule 60(b) relief. We thus do not address Martinez's arguments, raised in his brief, alleging errors at the Rule 4(a)(6) hearing.

[2] Rule 60(b) provides for relief from judgment based on (1) mistake, inadvertence, surprise or excusable neglect; or (6) any other reason justifying relief from operation of the judgment.

Burkett v. Cunningham, 826 F.2d 1208, 1217 (3d Cir. 1987), abrogated on other grounds by Betterman v. Montana, 136 S. Ct. 1609 (2016).

Both Hall and Burkett were decided before Fed. R. App. P. 4(a) was amended to include subsection (6) to provide a limited opportunity to reopen the time for appeal in lack-of-notice situations. Although we have not had an opportunity in a precedential opinion to address the issue, every circuit court to consider the question has held that Rule 4(a)(6) is the "exclusive method" for extending the time for appeal when a party failed to receive actual notice of the judgment. Vencor Hosps., Inc. v. Standard Life and Acc. Ins. Co., 279 F.3d 1306, 1311 (11th Cir. 2002) (citing cases). In any event, it is clear that Martinez has not actually demonstrated extraordinary circumstances warranting relief as the evidence of the alleged "affirmative behavior" by the clerk's office was, for reasons detailed in the margin, properly rejected by the District Court during the hearing on the Rule 4(a)(6) motion.[3] The District Court did not abuse its discretion in denying the Rule 60(b) motion on this basis.

To the extent that Martinez relied on Rule 60(b)(4) on the ground that the District Court entered judgment without resolving all claims against all defendants, we agree that relief was not warranted. As the District Court explained, it dismissed with prejudice all

---

[3] Martinez's evidence is a USB flash drive containing purported telephone conversations with employees of the clerk of court's office which he surreptitiously recorded. The District Court noted that, in addition to being inadmissible hearsay, the conversations were likely violative of Pennsylvania's Wiretap Act, 18 Pa. C.S.A. § 5703. The Court also noted "that despite Martinez's malicious allegations of intentional misconduct against the clerk's office employees, the recorded conversations evidence nothing but professional and helpful conduct in attempting to assist Martinez with the issue about service of the orders." District Court's 3/13/18 Mem. Op. at 18 n.20, 19-20.

of the claims against Judge Fudeman, and Martinez subsequently agreed to have her *removed* from the case caption. And Martinez did not sufficiently plead a claim for relief under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL). While Martinez pleaded distinct causes of action, the only reference in the complaint to the UTPCPL was in the jurisdictional statement, where it was misidentified as the "Unfair Trade Act." Although courts must liberally construe pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520–21 (1972), Martinez's general allegations of fraud, misconduct, and deceptive practices were simply insufficient to put defendants on fair notice of a cause of action under the UTPCPL. See Fed. R. Civ. P. 8(a).

For the foregoing reasons, we agree that Martinez has not demonstrated that he was entitled to relief under Rule 60(b). Accordingly, we will affirm.