[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10698
Non-Argument Calendar

_____

D. C. Docket No. 02-14108-CV-DLG

BIG TOP KOOLERS, INC.,
a Florida corporation,
NICHOLAS C. BRIENZA,

                                                       Plaintiffs-Appellants,

versus

CIRCUS-MAN SNACKS, INC.,
a New York Corporation,

                                                       Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 18, 2009)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

This is the second time Big Top Koolers and Nicholas Brienza (collectively "Big Top") come before this court seeking to challenge a judgment in favor of Defendant-appellee Circus-Man Snacks ("Circus-Man"). At issue is whether Big Top can meet the three-prong test required to reopen the time period in which to file a notice of appeal under Fed. R. App. P. 4(a)(6). The three requirements are:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6). Upon review, we agree with the district court's conclusion that Big Top failed to establish that it filed its motion within 180 days. Accordingly, we affirm.

The underlying facts of the case, which arise from a breach of contract action filed in 2001, are set forth in detail in this court's previous opinion, Big Top Koolers, Inc,. v. Circus-Man Snacks, Inc, 528 F.3d 839 (11th Cir. 2008) ("Big Top I"). Relevant to the instant appeal, a jury awarded Big Top damages in the amount of $493,750, which the court remitted to $15,850. In its order of remitittur, dated May 25, 2004, the court instructed Big Top to accept the remitted amount or seek a new trial within ten days. On June 10, 2004, Big Top filed a motion for rehearing

2

on the remittitur, which the court denied in November 2004.

There was no further activity in the case until March 9, 2006, when Big Top filed a motion seeking a scheduling order setting the case for trial. The court denied the motion and closed the case on May 10, 2006, finding that Big Top consented to the remitittur when it failed to respond to the remitittur order within ten days.

Big Top moved for relief from judgment under Fed. R. Civ. P. 60(b) on September 28, 2006, alleging that counsel never received notice of the May 10, 2006, order and did not become aware of it until September 2006. The district court denied the Rule 60(b) motion and Big Top appealed. In Big Top I, this court affirmed, concluding that because Big Top had not received notice of the May 10 order, the order would be deemed entered 150 days later.[1] Nevertheless, this court held that Rule 60(b) was not the proper avenue for relief and Big Top should have moved to reopen the period in which to file a notice of appeal under Fed. R. App. P. 4(a)(6). Big Top Koolers, Inc. , 528 F.3d at 844.

Big Top has now done just that in a motion dated August 26, 2008. The district court denied the motion to reopen the period in which to file its notice of appeal, concluding that, although the May 10, 2006, order became final 150 days

_____

[1] See Fed. R. Civ. P. 58, 79(c),

3

after it was entered, Big Top failed to file the motion within 180 days as required by Fed. R. App. P. 4(a)(6). The district court rejected Big Top's claim that the Rule 60(b) motion tolled the time period in which to file a motion under 4(a)(6). Because the district court found that Big Top failed to meet this second prong of 4(a)(6), it did not consider the issue of prejudice. Big Top now appeals.[2]

A district court's finding dealing with a late notice of appeal is reviewed for abuse of discretion. Locke v. Suntrust Bank, 484 F.3d 1343, 1347 n.2 (11th Cir. 2007). "A district court's interpretation of federal procedural rules is subject to de novo review." Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1308 (11th Cir. 2002).

Big Top makes two arguments on appeal: first, they allege the time in which it could file a motion under 4(a)(6) tolled during the pendency of the Rule 60(b) appeal. Second, they argue that permitting the motion to reopen the time in which to file its appeal would not prejudice the defendant.[3] Because we conclude, as the district court did, that the motion was not filed within the required 180 days, we do not address the prejudice argument.

---

[2] The only issue before us is the denial of the motion to reopen the time period under 4(a)(6), as the notice of appeal is timely only as to that order.

[3] Big Top also argues, for the first time on appeal, that they have a constitutional right to access to the courts, that 4(a)(6) is unconstitutional as applied, and that the court had the power to suspend the rules. Because they failed to raise these issues before the district court, we decline to consider them. Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994).

A party in a civil suit must file a notice of appeal "within 30 days after the judgment or order appealed from is entered." Fed. R.App. P. 4(a)(1)(A). The district court may reopen the time to file an appeal for a period, however, if (1) the party did not receive notice as required by the rules of civil procedure, (2) the motion is filed within 180 days of the entry of judgment, and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6).

The time limits set forth in Fed. R. App. P. 4(a)(6) are mandatory and jurisdictional, deriving from 28 U.S.C. § 2107, and the district court has no authority to extend them for equitable relief. See Vencor Hospitals, 279 F.3d at 1309-10; see also Bowles v. Russell, 551 U.S. 205, ----, 127 S.Ct. 2360, 2363-66 (2007) (treating the time periods in 4(a)(6) strictly). Thus, a motion to reopen the time period made more than 180-days after entry of judgment is untimely.

Here, Big Top did not receive notice of the May 10, 2006 order and therefore the judgment was entered 150 days later. Big Top filed its 4(a)(6) motion on August 28, 2008, more than 180 days after the date on which this court deemed judgment entered. As such, the motion was untimely and the district court properly denied the motion to reopen under 4(a)(6).

Big Top contends that the appeal of the denial of its Rule 60(b) motion tolled the time in which to file its 4(a)(6) motion because the appeal would have

5

divested the district court of jurisdiction to consider the 4(a)(6) motion. We disagree. As explained, 4(a)(6) is the exclusive remedy to reopen the time in which to appeal and a party cannot use a Rule 60(b) motion to circumvent the time limits, which are mandatory and jurisdictional.[4] This reading of the rules was clear before Big Top filed its Rule 60(b) motion, see Vencor Hospitals, 279 F.3d at 1311, and we reject Big Top's claim that they could not have known the finality of the judgment until this court affirmed of the denial of their Rule 60(b) motion.

Finally, contrary to Big Top's assertion, this court's mandate in Big Top I did not establish that the motion was filed within the 180-day period. See Big Top Koolers, Inc., 528F.3d at 844.

Accordingly, because Big Top filed its motion to reopen the time to appeal more than 180 days after entry of judgment, the district court did not abuse its discretion by denying the motion.

**AFFIRMED.**

---

[4] Moreover, although the filing of an appeal divests the district court of jurisdiction, Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982), this does not transform a Rule 60(b) motion into a tolling motion given the clear statutory time limits.