**Wilbert E. HOLLINS, Petitioner–Appellant,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent–Appellee.**

**No. 98–5777**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 5, 1999.

Richard C. Klugh, Asst. Federal Public Defender, Kathleen M. Williams, Federal Public Defender, Miami, FL, for Petitioner–Appellant.

Before EDMONDSON, DUBINA and CARNES, Circuit Judges.

CARNES, Circuit Judge:

Petitioner Wilbert Hollins appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We noted a jurisdictional issue with respect to the timeliness of Hollins' appeal, which was filed more than 14 months after the entry of the district court's final order.

Hollins contends that the district court's order denying his habeas petition never reached him or his counsel. He further contends that although that order was entered on the court's official docket, the entry was not reflected in the version of the docket that appeared on the PACER system, an electronic system that allows litigants remote computer access to court records, which Hollins monitored regularly for news of his case. As a result, Hollins argues, he could not file a timely appeal of the denial of his habeas petition.

We conclude that in view of the unique circumstances of this case — Hollins' offi-

cially invited reliance on the PACER system's version of the docket in this case, which failed to show the entry of the final order — we have jurisdiction over this appeal despite its late filing date.

## I. BACKGROUND

Hollins was convicted of kidnaping in 1991 in a Florida state court, and is presently a state prisoner. On March 20, 1992, Hollins petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That petition was initially denied by the district court, but this Court remanded for consideration of whether Hollins' 1991 state sentence had been improperly enhanced on the basis of certain 1984 convictions. On remand, the district court adopted the magistrate judge's recommendation that Hollins' petition be denied, and directed the clerk to close the case. That final order, dated July 26, 1997, was entered on the official docket record for this case on August 1, 1997.

The problem in this case arises from the reliance by Hollins' counsel on the Southern District of Florida's electronic docket system for notice of the district court's decision denying his petition. The Southern District of Florida, like many federal courts, offers public access to docket information through the Public Access to Court Electronic Records system ("PACER"). PACER subscribers may use computers to retrieve electronic case information and court dockets. *See PACER (Public Access to Court Electronic Records)* (July 23, 1999) *<http://www.netside.net/usdcfls/pacer/pacer.htm>*. PACER subscribers may access the system in one of three ways: by dialing in to the court computer by modem, by using a computer terminal at the offices of the district court, or by accessing PACER through the Internet.

Hollins' counsel asserts that he did not receive a mailed copy of the district court's order denying Hollins' habeas petition.

Moreover, he asserts that he regularly checked the case docket on the PACER system, but it did not show the entry of the final order on the docket. He was therefore unaware of the order until he spoke to a member of the court staff on October 5, 1998, more than 14 months after the order had been entered and well after the thirty–day deadline for a timely appeal of the order, *see* Fed. R.App. P. 4(a)(1)(A).

Upon discovering that the district court had already entered the final order denying the petition, Hollins' counsel promptly filed a motion requesting the district court to direct the clerk to enter the final order of dismissal on the docket, but this time reflecting an effective date after October 15, 1998. While that motion was pending, Hollins filed this appeal from the final order.[1] We noted a jurisdictional question concerning the timeliness of the appeal, and invited the parties to respond. Hollins did; the Department of Corrections did not. Having raised the issue of jurisdiction *sua sponte*, we decide it in the first instance.

## II. ANALYSIS

 It is undisputed that Hollins' appeal was filed more than 14 months after the district court's final order had been entered, and thus well past the deadline for filing an appeal. *See* Fed. R.App. P. 4(a)(1)(A) (notice of appeal in a civil case must be filed within 30 days after entry of judgment or order appealed from). Ordinarily, that fact would be fatal to Hollins' appeal, because "the timely filing of a notice of appeal is 'mandatory and jurisdictional.'" *Advanced Estimating System, Inc. v. Riney,* 77 F.3d 1322, 1323 (11th Cir.1996) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982)). The question we face in this unusual case,

---

1. The district court subsequently granted Hollins' motion to a limited (and, for Hollins' purposes, unhelpful) extent by directing the clerk to ensure that the docket sheet available on the PACER system's version of the docket now reflects the *original* date the district court's dismissal was entered on the official docket sheet.

however, is whether that requirement is altered by Hollins' counsel's reliance on the PACER system's version of the docket sheet, which failed to show the district court's entry of the final order.

Despite the strict jurisdictional requirements for the timely filing of appeals, we have recognized a limited exception known as the "unique circumstances" doctrine. That doctrine provides that an appellant may:

> ... maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity.

*Willis v. Newsome*, 747 F.2d 605, 606 (11th Cir.1984). *See also Thompson v. INS*, 375 U.S. 384, 387, 84 S.Ct. 397, 398–99, 11 L.Ed.2d 404 (1964). The Supreme Court has more recently limited the application of the "unique circumstances" doctrine set out in *Thompson* to "situations 'where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done.' *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989)." *Fluor Constructors, Inc. v. Reich*, 111 F.3d 94, 96 (11th Cir.1997). But despite the Supreme Court's shaky support for the doctrine, thus far it has not chosen to reject it, so "the 'unique circumstances' exception apparently continues to exist." *Pinion v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1529 (11th Cir.1991).

 As we noted above, our own Circuit has articulated a "lenient formulation of the 'unique circumstances' exception," *Pinion*, 928 F.2d at 1531, which provides that any "judicial action" prior to the expiration of the relevant time period for appeal that could have " 'lulled [the appel-lant] into inactivity' " may permit our application of the doctrine. *Pinion*, 928 F.2d at 1531 (quoting *Butler v. Coral Volkswagen, Inc.*, 804 F.2d 612, 617 (11th Cir.1986) (quoting *Willis*, 747 F.2d at 606)). Thus, our concern here is whether Hollins' reliance on the PACER system's docket entries constituted a "[r]easonable reliance," *Pinion*, 928 F.2d at 1532, on a "specific assurance by a judicial officer," *Osterneck*, 489 U.S. at 179, 109 S.Ct. at 993, which created a sufficiently unique set of circumstances to justify the exercise of our equitable power to excuse the untimely filing of Hollins' appeal.

We think it did. Providing electronic access to court calendars, dockets and other essential information is a project of long standing in the federal courts. Services such as the PACER system, while still somewhat experimental, "continue to receive strong endorsements and have generated ever increasing demand ... both from within the legal community and from other interested parties." *Directory of Electronic Public Access Services to Automated Information in the United States Federal Courts* (revised May 1, 1999) <*http://www.uscourts.gov/PubAccess. html*>. By allowing parties and their counsel to monitor the progress of their cases (and, in some jurisdictions, to file pleadings and other material) without traveling to court and placing demands upon the time of court personnel, systems such as PACER ease costs for both parties and the courts. But that and other benefits of such systems will arise only if parties actually can *rely* on electronically available court information. In this context, we conclude it was not unreasonable for Hollins counsel to rely on the PACER docket.

We must therefore next consider whether the apparent failure of court personnel to enter the final order on the PACER system's version of the docket constituted "judicial action" sufficient to permit the invocation of the unique circumstances doctrine. *See Willis*, 747 F.2d at 606 (requiring reliance upon "judicial action");

*Osterneck*, 489 U.S. at 179, 109 S.Ct. at 993 (requiring "specific assurance by a judicial officer" that an action which would postpone the deadline for filing an appeal has been properly performed). We will then consider whether Hollins' reasonable reliance on the failure to enter the final order on the PACER system's version of the docket sheet lulled him into inactivity in this case, justifying our use of the unique circumstances doctrine.

We think both of these requirements were met in this case. Though the facts are atypical, we think Hollins has shown a reliance upon "specific assurances by a judicial officer" in performing an action— namely, his regular monitoring of the docket record on the PACER system— that effectively postponed his filing of an appeal. *See Osterneck*, 489 U.S. at 179, 109 S.Ct. at 993. This is clearly not the usual case, in which a party delays filing an appeal, despite his actual knowledge that a final order has been entered, on the basis of an assurance by the district court. Instead, the district court's ongoing failure to enter the final order on the PACER system's version of the docket sheet, coupled with the official invitation for litigants and attorneys to rely upon the system, led Hollins' counsel reasonably to believe the district court had not yet issued a final order in the case. Along with that omission must be considered the fact that the Southern District of Florida's own Internet home page promises that the PACER system will provide access to "*official* electronic case information and court dockets." *PACER (Public Access to Court Electronic Records)* <*http://www.netside.net/usdcfls/pacer/pacer.htm*> (July 23, 1999) (emphasis added). Taken together, these circumstances were enough to bring Hollins within the purview of the unique circumstances doctrine. *See, e.g., Willis*, 747 F.2d at 606 (appellant was lulled into failure to arrange for alternative method of filing or move for extension of time to file by clerk's assurance that, according to local custom, his notice of appeal would be stamped as timely if mailed by a certain date).

We recognize that a number of circuits have concluded that a clerk's assurances alone, as opposed to a judge's specific assurances, will be inadequate to permit the use of the unique circumstances doctrine. *See, e.g., Moore v. South Carolina Labor Bd.*, 100 F.3d 162, 164 (D.C.Cir.1996) (limiting unique circumstances doctrine to "written court orders or oral rulings made in the course of a hearing," and rejecting its use where statements were made by clerk's office staff); *Center for Nuclear Responsibility v. NRC*, 781 F.2d 935, 941 n. 11 (D.C.Cir.1986) (collecting cases). *See also United States v. Heller*, 957 F.2d 26, 29 (1st Cir.1992) (arguing that Supreme Court's reference to a "judicial officer" in *Osterneck*, 489 U.S. at 178, 109 S.Ct. at 993, refers only to judges and not employees in the clerk's office).

■■■■ We are bound, however, by our prior precedent, which has decided that the unique circumstances doctrine may apply where the appellant is lulled by assurances from the clerk's office instead of the district court itself. *See Willis*, 747 F.2d at 606; *see also Schwartz v. Pridy*, 94 F.3d 453, 456 (8th Cir.1996) ("Schwartz relied in good faith on the clerk of court's erroneous refusal to accept his timely notice of appeal and on the clerk's erroneous representation that his premature notice of appeal was sufficient."); *Prudential–Bache Securities, Inc. v. Fitch*, 966 F.2d 981, 983, 985 (5th Cir.1992) (unique circumstances doctrine applied where party received clerk's notice of district court's order reflecting an inaccurate entry date). Thus, the fact that the error in the PACER system's version of the docket may be attributable to the clerk's office and not the district court itself does not exclude the application of the unique circumstances doctrine in this case.

As for whether Hollins' counsel was lulled into inactivity in the particular circumstances of this case, he asserts that he frequently checked the case docket on the PACER system from June 1997 to November 1998, and that the electronic record of

the docket did not reflect the entry of the district court's final order at any point during that period. As we have noted, Hollins points out that the Southern District of Florida's Internet home page states that the PACER system provides access to the "official" court docket record.

Hollins has also submitted printouts of the PACER system's version of the docket sheet in this case to support his assertion. Although the PACER versions of the docket sheet provided by Hollins indicate that the docket sheet was last updated on August 1, 1997—the date the final order was entered on the official docket—the PACER version has no entry reflecting the district court's final order. Instead, the final entry on the PACER version of the docket sheet is dated June 25, 1997. It is true that the PACER docket sheet contains the word "CLOSED" near the top of the record and elsewhere within it, but the word bears no clear relation to any entry on the docket sheet. To be sure, in some circumstances the state of the electronic record might require a party to make further inquiry with the clerk's office as to the status of his case, and thus a party could not reasonably rely upon it. But this is not such a case.

In sum, we conclude that the unique circumstances of this case require us to exercise our equitable power to excuse Hollins' untimely filing of this appeal. He reasonably relied on the PACER system's version of the docket sheet in this case, which he checked regularly, and which did not show the district court's entry of a final order.

### III. CONCLUSION

This appeal MAY PROCEED.