**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20850
Summary Calendar
_____

LORETTA HODGE, ET AL,                                    Plaintiffs.


LORETTA HODGE,

                                              Plaintiff-Appellant.

versus


HARRIS COUNTY HOSPITAL DISTRICT,

                                              Defendant-Appellee.


---------------------
Appeal from the United States District Court
for the Southern District of Texas
(01-CV-H-98-0662)
---------------------


Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

　　Plaintiff-Appellant Loretta R. Hodge appeals the district court's denial of her Rule 4(a)(6) Motion to Reopen Time for Appeal Due to Unique Circumstances. For the reasons stated below, we affirm the district court's decision.

I.　FACTS AND PROCEEDINGS

　　On June 14, 2000, Hodge filed a Rule 60(b) Motion for Relief from Judgment and Memorandum of Law against Defendant-Appellee

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harris County Hospital District ("Harris"). Harris filed its response on June 30, 2000, and Hodge submitted a reply on July 3, 2000. On July 13, 2000, the district court entered its Memorandum and Order denying Hodge's Rule 60(b) motion; however, Joseph Willie, the attorney who filed the Rule 60(b) motion on behalf of Hodge, never received notice from the district court that it had relied on the motion.

On March 12, 2001, 242 days after the district court entered judgment, Hodge filed a Request for Oral Hearing on the Rule 60(b) motion. On June 4, 2002, after more than a year had elapsed since the request for an oral hearing, and almost two years had elapsed since the district court had issued its decision, Willie wrote a letter inquiring as to the status of the Rule 60(b) motion. On June 6, 2002, a case manager for the district court judge responsible for this case sent an e-mail to Willie informing him that the memorandum and opinion on the Rule 60(b) motion had been issued in July, 2000. She also stated that "[t]he docket sheet has Glenn W. Patterson, Jr. [Hodge's trial attorney] listed as the attorney in charge for the plaintiffs. Your name and address is not listed on the Docket Sheet."

On June 10, 2002, Willie, on behalf of Hodge, filed a Rule 4(a)(6) Motion to Reopen Time for Appeal Due to Unique Circumstances; and on June 19, 2002, the district court denied the motion. Hodge timely filed a notice of appeal to contest this denial.

2

## II.  ANALYSIS

### A.  Standard of Review

Rule 4(a)(6) grants the district court discretion to reopen the time to file an appeal.  We therefore review the court's decision for an abuse of that discretion.[1]

### B.  Re-opening Time to Appeal

Hodge asserts that the district court abused its discretion by not granting her motion to reopen the time within which to file an appeal.  She contends that her counsel, Joseph Willie, became the attorney of record when he submitted the Rule 60(b) motion, and that the district court denied her due process by failing to inform either her or her counsel that her Rule 60(b) motion had been denied.  As a result, she argues, we should apply the unique-circumstances doctrine to her situation and relax the strict jurisdictional requirements of Rule 4(a)(6) for filing an appeal.

Notwithstanding Hodge's contention that the factual circumstances of this case present an issue of first impression in this court, we have addressed both Rule 4(a)(6) and the doctrine of unique circumstances previously.  Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

---

[1] Jones v. W.J. Serv., Inc., 970 F.2d 36, 39 (5th Cir. 1992).

3

> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (c) the court finds that no party would be prejudiced.[2]

We have found that a party who meets the criteria of subpart (B) must then show that he has "filed his motion seeking to reopen by the <u>earlier</u> of (1) 180 days after entry of judgment or (2) seven days after he 'receive[d] notice of entry' of judgment."[3] Going further, we concluded, "[a]bsent the timely filing of such a motion, the court is powerless to reopen the time for filing an NOA [notice of appeal]."[4] Our prior interpretation of this rule strongly suggests that Hodge's argument must fail, simply because her counsel did not file the Rule 4(a)(6) motion until almost two years after the district court's entry of judgment on the Rule 60(b) motion, well beyond the 180 day limit.

In addition, the structure of the federal rules, and our interpretation of them, supports this conclusion. Rule 77(d) of the Federal Rules of Civil Procedure "contemplate[s] that the clerk will notify litigants of the entry of the district court's orders,"[5] but states that "[l]ack of notice of the entry by the

---

[2]Fed. R. App. P. 4(a)(6).

[3]<u>Wilkens v. Johnson</u>, 238 F.3d 328, 331 (5th Cir. 2001) (emphasis in original).

[4]<u>Id.</u>

[5]<u>Prudential-Bache Sec., Inc. v. Fitch</u>, 966 F.2d 981, 985 (5th Cir. 1992).

4

clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."[6]  In 1991, both Rule 77(d) and Rule 4(a) were revised to "permit district courts to ease strict sanctions [] imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of a judgment."[7]  Part of the relaxation was the addition of Rule 4(a)(6) which established "an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal...."[8]  Thus, the heretofore strict rules on appeal time limits were eased, but only slightly, to provide "an outer limit of 180 days."  Furthermore, despite such revisions, we have since reiterated our position that "[p]arties

_____

[6]Fed. R. Civ. P. 77(d) (2003).  In full, it provides:
> Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5(b) upon each party who is not in default for failure to appear, and shall make note in the docket of the service.  Any party may in addition service a notice of such entry in the manner provided in Rule 5(b) for the service of papers.  Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure. Id.

[7]Fed. R. Civ. P. 77(d), Advisory Committee Notes, 1991 Amendment.

[8]Fed. R. App. P. 4(a)(6), Advisory Committee Notes, 1991 Amendment.

5

may not rely on the clerk to send them notice and absence of notice is no excuse for not filing a timely notice of appeal."[9] And, to the extent the 1991 amendments force us to relax our strict, no-excuse stance, these amendments would only provide a potential reprieve for untimely appeals for up to 180 days after entry of judgment.

Hodge argues, nonetheless, that her case presents "unique circumstances" that merit the court's relief for time in which to file a notice of appeal. We have recognized that "[t]he unique circumstances remedy applies where counsel fails to file a notice of appeal within the prescribed time based on its good faith reliance on a mistaken assurance or statement of the district court."[10] Thus, we have concluded that "the rule applies only where the district court makes an 'affirmative representation' or 'specific assurance' that a party's notice of appeal was proper."[11] Hodge relies on, and urges use to adopt the reasoning of, <u>Hollins v. Department of Corrections</u>, a recent decision by another circuit.[12] In <u>Hollins</u>, the Eleventh Circuit held that a district court's failure to enter a final order on its electronic docket sheet, in conjunction with court encouragement to rely on this system, was enough to establish the aggrieved litigant's reasonable

---

[9]<u>Prudential-Bache Sec., Inc.</u>, 966 F.2d at 985 (<u>citing</u> <u>Wilson v. Atwood Group</u>, 725 F.2d 255, 258 (5th Cir. 1984) (en banc).

[10]<u>Id.</u> (citation and internal quotation marks omitted).

[11]<u>Id.</u>

[12]191 F.3d 1324 (11th Cir. 1999).

6

reliance on the specific assurance of the court that a final order had not been issued.[13]

To resolve the case before us, however, we need not attempt to divine the outer bounds of the type of conduct that amounts to an affirmative representation or specific assurance in this circuit, because in this case, there was no word, written or oral, from the district court, on which Hodge could have relied. And, unlike Hollins, there is no evidence before us that the Southern District of Texas had a policy that could have lulled Hodge into inaction. Neither was Hodge's reliance on the court's silence reasonable, because, as we have indicated, absence of notice is no excuse for failure timely to appeal.

Other facts surrounding Hodge's Rule 4(a)(6) motion further convince us that these circumstances are not so extreme as to warrant our granting relief. Although Hodge's Rule 60(b) motion was filed by Willie with his name on the pleading, he nonetheless waited 242 days even to contact the court in reference to this case; and, when he did so, he only requested an oral hearing. It was not until almost two years after he had submitted his last brief on the Rule 60(b) motion that Willie actually requested a status update on the case. Even if we assume arguendo that the district court mistakenly failed to record Willie's name and address as the new attorney in charge, he is not completely relieved of all responsibility for his case. Indeed, by making 180 days from entry of judgment the outer limit for filing a motion to

---

[13]Id. at 1328.

reopen the time in which to appeal, Rule 4(a)(6) sends a message that the lawyer has the minimal duty to check on the status of a pending case at least once within six months of submission of the briefs.[14]  Thus, waiting almost three-quarters of a year to check in on a case is simply not reasonable behavior.

We are satisfied that the district court did not abuse its discretion in denying Hodge's Rule 4(a)(6) motion.

AFFIRMED.

---

[14]See <u>Latham v. Wells Fargo Bank</u>, 987 F.2d 1199, 1201 (5th Cir. 1993) (finding "the notion that parties have a duty to inquire periodically into the status of their litigation" implicit in Rule 77(d)'s requirement of timely appeal regardless of whether notice of judgment entry was received).