[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2006
THOMAS K. KAHN
CLERK

No. 05-13279
Non-Argument Calendar

_____

D. C. Docket No. 03-21051-CV-AJ

BRITISH DEWAN MOSS,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
CHARLES J. CRIST, JR.,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 21, 2006)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

British Dewan Moss, a pro se state prisoner, appeals the district court's

denial of his motion to reopen the time to file an appeal of the denial of his 28 U.S.C. § 2254 habeas corpus petition. After review, we affirm.

In April 2003, Moss filed a § 2254 petition in the district court. On July 12, 2004, the district court denied the petition, stating in its order that "[t]his case is closed." No activity occurred in the case until April 25, 2005, when Moss filed a motion to reopen the time for appeal. The district court denied the motion, finding that Moss failed to meet the requirements of Federal Rule of Appellate Procedure 4(a)(6).

On appeal, Moss challenges the district court's denial of his motion to reopen the time for appeal.[1] A civil appeal where the United States is not a party must be filed "within 30 days after the judgment or order appealed from is entered," although this period can be tolled by certain motions. See Fed. R. App. P. 4(a)(1)(A), (4). The requirement that a notice of appeal be filed within the period provided is "mandatory and jurisdictional." Hollins v. Dep't of Corr., 191 F.3d 1324, 1326 (11th Cir. 1999) (quotation marks omitted). We first note that Moss did not file a timely notice of appeal or any motions that would toll the time period for appeal. See Fed. R. App. P. 4(a)(1)(A), (4). Thus, his time for appeal expired on August 11, 2004. However, after the time to file an appeal has lapsed,

_____

[1]We review de novo a district court's interpretation of federal procedural rules. Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1308 (11th Cir. 2002).

2

it may be reopened pursuant to Rule 4(a)(6), which states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).[2]

Moss's motion to reopen clearly did not comply with Rule 4(a)(6) in several ways. Moss does not allege that he did not receive notice of the order denying his § 2254 petition. Also, he filed his motion to reopen more than 180 days after entry of the order, and, thus, his motion did not comply with the 180-day limitation in Rule 4(a)(6)(B).

Moss also contends that the district court should have construed his motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). However, relief under Rule 60(b) is not appropriate because Rule 60(b) "cannot be

---

[2]The district court also may extend the time to file a notice of appeal if a party files a motion within thirty days of the expiration of the period provided in Rule 4(a) and shows excusable neglect or good cause. See Fed. R. App. P. 4(a)(5)(A). Because Moss filed his motion more than thirty days after any time period in Rule 4(a), he cannot utilize Rule 4(a)(5).

used to circumvent the 180-day limitation set forth in Rule 4(a)(6)." Vencor Hosps., 279 F.3d at 1311.

Moss next argues that excusable neglect and the unique circumstances doctrine justify reopening the time for appeal. According to Moss, the statement that "[t]his case is closed" in the district court's order denying his § 2254 petition led him to believe that he had no right to appeal. The unique circumstances doctrine applies "where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." Id. at 1311-12 (quotation marks omitted). "Crucial to the application of [this] doctrine is the occurrence of a judicial action upon which a party relies in failing to file a timely notice of appeal." Id. at 1312. For example, "the mere failure of the district court clerk's office to serve" a party with notice of the entry of an order, "standing alone, does not constitute a judicial assurance or action sufficient to warrant relief under the unique circumstances doctrine." Id. Moss's failure to file a timely appeal was not based on an act performed by him or on an affirmative assurance by the district court that Moss's act had been properly done. Rather, it was based on Moss's interpretation of the district court's statement that "[t]his case is closed." Thus, the unique circumstances doctrine does not apply.

Finally, Moss alternatively asserts that the district court should have, in the interests of justice, suspended Rule 4(a)(6) under Federal Rule of Appellate Procedure 2 and allowed him to file an appeal. Although Rule 2 permits us to suspend rules and extend time periods prescribed by the rules, we remain limited by the time periods for appeal in Rule 4. See Fed. Rs. App. P. 2, 4, 26(b). As we stated above, Moss failed to meet any of the time periods found in Rule 4.

For the above stated reasons, we affirm the district court's denial of Moss's motion to reopen the time to file an appeal.

**AFFIRMED.**