[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16105
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 08-20196-CV-DLG,
06-20375-CR-DLG

ERIC A. KELLY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 16, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Eric A. Kelly, proceeding *pro se*, appeals from the district court's order denying his motion under Fed.R.Civ.P. 60(b), which sought relief from the court's order denying his motion to reopen the time period to file a notice of appeal from the court's judgment denying his motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255. On appeal, Kelly argues that the district court should have granted him relief from its order denying his motion to reopen the time period to file a notice of appeal, because he did not receive notice of the court's judgment denying relief under § 2255, as required by Fed.R.Civ.P. 77(d). In support of this argument, Kelly asserts that the magistrate judge's "Order of Instructions to *Pro Se* Litigant" included instructions that precluded him from ascertaining the status of his § 2255 proceeding.

In addition, Kelly requests that we expand the district court's certificate of appealability ("COA") to include the following issues: (1) whether the district court incorrectly sentenced him as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), thereby violating his right to due process under the Fifth Amendment; and (2) whether trial counsel was ineffective for failing to investigate whether any of Kelly's previous crimes qualified as crimes of violence under the ACCA.

For the reasons set forth below, we affirm, and deny Kelly's request to

expand the district court's COA.

**I.**

In January 2008, Kelly, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his motion, Kelly explained that he had received a 180-month sentence following his guilty plea to two counts of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). Kelly asserted that he was entitled to relief under § 2255 because, in light of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), the court erroneously had sentenced him as an armed career criminal under the ACCA. As a separate ground for relief, Kelly asserted that counsel was ineffective for failing to investigate adequately his criminal history, thus resulting in his erroneous sentencing as an armed career criminal.

The magistrate judge entered an order entitled "Initial Order of Instructions to *Pro Se* Litigant." In this order, the magistrate instructed Kelly that he should not send any letter regarding his case to the court or clerk of court, and that any such letter would be ignored. The magistrate also stated, however, that Kelly could "file a motion, a memorandum, any pleading allowed by the procedural rules, or any

3

document ordered by the Court." In addition, the magistrate stated that Kelly was not permitted to contact any judge's office for any reason, but that "[b]rief case status information contained on the docket sheet may be available from the [c]lerk of [c]ourt."

After the parties filed subsequent pleadings, the magistrate entered a report and recommendation, recommending that the court deny Kelly's § 2255 motion. On August 26, 2008, the court entered an order adopting the report and recommendation, and denying relief under § 2255.

Nearly one year later, on August 7, 2009, Kelly sent a letter to the clerk of court, requesting that the court advise him of the status of his § 2255 proceeding. On August 25, 2009, Kelly filed a "Motion to Reinstate Judgment." In this motion, Kelly requested that the court vacate and reenter its order denying his § 2255 motion, so that he could seek a COA in the matter. He asserted that he had not received notice of the court's order denying his § 2255 motion until August 17, 2009. Kelly contended that, in light of the court's failure to timely serve him with notice of the court's order, and the meritorious nature of his *Begay* claim, the court should vacate and reenter its judgment so that he timely could seek a COA. The court entered an order denying Kelly's motion, finding that Kelly had "fail[ed] to demonstrate a basis upon which to vacate the judgment."

4

Kelly next filed a motion under Fed.R.Civ.P. 60(b), asking that the court reconsider or grant him relief from its decision to deny his motion to reinstate the judgment. Relying on Fed.RApp.P. 4(a)(6), Kelly argued that the court possessed authority to reopen the period within which to file a notice of appeal from its order denying relief under § 2255. Kelly also reasserted that the clerk of court had failed to provide him with notice of the court's order denying his § 2255 motion, as required by Fed.R.Civ.P. 77(d). Kelly argued that his motion to reinstate the judgment was timely, as he had filed it within seven days of receiving actual notice that the court had denied his § 2255 motion. On November 4, 2009, the court summarily denied Kelly's Rule 60(b) motion.

Kelly filed a notice of appeal. In his notice of appeal, Kelly stated that he appealed from the court's "November 4, 2009 [o]rder denying him [permission] to file an out of time appeal based on the indisputable fact that [p]etitioner never received a copy of the [c]ourt's [o]rder denying his [*pro se*] 28 U.S.C. § 2255 petition for relief." The court construed Kelly's notice of appeal as a motion for a COA. The magistrate entered a report and recommendation, stating that Kelly sought to appeal the court's November 4, 2009 order, which denied Kelly permission "to file an out of time appeal based upon his claim that he never received a copy of the [c]ourt's [o]rder denying his motion to vacate." The

5

magistrate next stated, "It is therefore recommended that the motion for [a COA] be granted." The court adopted the magistrate's report and recommendation, and granted Kelly's motion for a COA. The court did not further specify the issue or issues on which it granted a COA.

## II.

As an initial matter, it is noted that, "[a]lthough we will not decide any issue not specified in the COA, we will construe the issue specification in light of the pleadings and other parts of the record." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). In Kelly's notice of appeal, which the court construed as a motion for a COA, Kelly stated that the court should have reopened the time period in which to file a notice of appeal from its order denying his § 2255 motion, because he did not receive notice of the court's judgment denying relief under § 2255. In recommending that the court grant Kelly's motion for a COA, the magistrate expressly noted that this was the issue that Kelly sought to raise on appeal, and the court adopted the report and recommendation, including the magistrate's description of the issue.

Accordingly, based on Kelly's notice of appeal, the magistrate's report and recommendation, and the other pleadings in this case, we construe the district court's COA as specifying the following issue: Whether the district court erred by

denying Kelly's motion under Fed.R.Civ.P. 60(b), which sought reconsideration of the court's order denying Kelly's "Motion to Reinstate Judgment," construed as a motion to reopen the time to file a notice of appeal under Fed.R.App.P. 4(a)(6). *See Murray*, 145 F.3d at 1251.

## III.

"We typically review a district court's denial of a Rule 60(b) motion for an abuse of discretion." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). In addition, we generally review a district court's denial of a party's motion to reopen the time period to file a notice of appeal, pursuant to Fed.R.App.P. 4(a)(6), for abuse of discretion. *See McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002). We review *de novo*, however, a district court's interpretation of federal procedural rules. *Vencor Hosp., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1308 (11th Cir. 2002). We liberally construe a *pro se* litigant's pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Pursuant to Fed.R.Civ.P. 60(b), a party may obtain relief from a judgment by showing: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied or released; or (6) any other reason that justifies relief. Fed.R.Civ.P. 60(b). Under a liberal construction of Kelly's Rule 60(b) motion, it appears that he

7

based his claim for relief on grounds (1) and (6). *See Tannenbaum*, 148 F.3d at 1263. When considering whether a party is entitled to relief under Rule 60(b)(1), the court conducts "an equitable inquiry based upon the particular circumstances of the case." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (quotation omitted). In order to obtain relief under Rule 60(b)(6), a party must demonstrate "exceptional circumstances," or, in other words, "a justification for relief so compelling that the district court [is] required to grant [the] motion." *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996) (quotation omitted).

A party must file a notice of appeal within 30 days after the judgment or order being appealed is entered, or within 60 days if the government is party. Fed.R.App.P. 4(a)(1)(A), (B); *Vencor*, 279 F.3d at 1309. Ordinarily, a habeas petitioner's failure to timely file a notice of appeal is "fatal" to his appeal, "because the timely filing of a notice of appeal is mandatory and jurisdictional." *Hollins v. Dep't of Corr.*, 191 F.3d 1324, 1326 (11th Cir. 1999). Although Fed.R.Civ.P. 77(d) requires the clerk of court to provide the parties with notice of judgments and orders, "lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as provided by [Fed.R.App.P. 4(a)]."

8

*Vencor*, 279 F.3d at 1309 (citing Fed.R.Civ.P. 77(d)(2)).

Pursuant to Fed.R.App.P. 4(a)(6), the district court:

> may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A)    the court finds that the moving party did not receive notice under [Fed.R.Civ.P. 77(d)] of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B)    the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under [Fed.R.Civ.P. 77(d)] of the entry, whichever is earlier; and
>
> (C)    the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6).[1]  Rule 4(a)(6) "balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." *Vencor*, 279 F.3d at 1309.  A district court is not authorized to reopen the time to file a notice of appeal based on lack of notice when more than 180 days have passed since the entry of the judgment or order, and "[t]o permit extensions of the time to appeal beyond the 180-day limit . . . would effectively thwart the purpose of [Rule 4(a)(6)]." *Id.* at 1310-11.

---

[1] At the time that Kelly filed his "Motion to Reinstate Judgment," and his motion for relief under Fed.R.Civ.P. 60(b), Fed.R.App.P. 4(a)(6)(B) provided that a motion to reopen the time to file a notice of appeal must be filed within 180 days after the judgment or 7 days after the moving party receives notice under Fed.R.Civ.P. 77(d), whichever is earlier.  *See* Fed.R.App.P. 4(a)(6) (2005). The fact that this rule has since been amended to extend one of the applicable time periods from 7 to 14 days does not affect this appeal.  *See* Fed.R.App.P. 4(a)(6) (2009).

Under the "unique circumstances doctrine," a party's untimely notice of appeal could be treated as timely if he could show that the tardiness was caused by his reasonable reliance on a judicial action, and that the judicial action occurred prior to the expiration of the time to file a notice of appeal. *See*, *e.g.*, *Vencor*, 279 F.3d at 1311-12; *Hollins*, 191 F.3d at 1327-29. The unique circumstances doctrine, however, would not excuse an untimely notice of appeal based on the court's failure to serve a party with notice of an order or judgment, as this omission, standing alone, did not amount to the sort of judicial assurance or action contemplated by the doctrine. *Vencor*, 297 F.3d at 1312-13 & n.5.

In *Bowles v. Russell*, the U.S. Supreme Court stated that the "use of the 'unique circumstances' doctrine is illegitimate." 551 U.S. 205, 214, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007). In *Bowles*, a district court had granted a habeas petitioner's motion to reopen the time to file a notice of appeal from the denial of his habeas petition, pursuant to Fed.R.App.P. 4(a)(6), but gave the petitioner 17 days in which to file a notice of appeal, instead of 14 days, as prescribed by Rule 4(a)(6). *Id.* at 207, 127 S.Ct. at 2362. The petitioner filed his notice of appeal on the 17th day, and the circuit appellate court dismissed his appeal for lack of jurisdiction. *Id.* at 207-08, 127 S.Ct. at 2362-63. The Supreme Court affirmed the circuit appellate court's decision, holding that "the timely filing

10

of a notice of appeal in a civil case is a jurisdictional requirement," and that a court "has no authority to create equitable exceptions to jurisdictional requirements." *Id.* at 214, 127 S.Ct. at 2366. In addition, the Supreme Court rejected the petitioner's argument that the unique circumstances doctrine excused his failure to file a notice of appeal within Rule 4(a)(6)'s 14-day period. *Id.* at 213-14, 127 S.Ct. at 2366.

Here, the court did not abuse its discretion by denying Kelly's Rule 60(b) motion for relief from its judgment denying his motion to reopen the time period to file a notice of appeal. *See Farris*, 333 F.3d at 1216. Rule 4(a)(6) did not provide the district court with authority to grant Kelly's motion to extend the time period to file a notice of appeal, because Kelly failed to file this motion within 180 days of the court entering its order denying relief under § 2255. *See* Fed.R.App.4(a)(6); *Vencor*, 279 F.3d at 1310-11.

Under a liberal construction of Kelly's initial brief on appeal, however, he also argues that his failure to file a timely notice of appeal from the judgment denying his § 2255 motion should be excused under the unique circumstances doctrine, because the court did not provide him with the notice of the entry of the judgment. Although the Supreme Court's decision in *Bowles* addressed a factual situation that is distinguishable from the present case, its holding—that a court lacks authority to grant equitable exceptions to Rule 4(a)'s jurisdictional

11

requirements—precludes Kelly's argument that the court should have applied the unique circumstances doctrine to permit him to file an otherwise untimely notice of appeal. *See Bowles*, 551 U.S. at 214, 127 S.Ct. at 2366.

Moreover, even in the absence of the *Bowles* decision, Kelly could not demonstrate that the unique circumstances doctrine would excuse his failure to file a timely notice of appeal. *See Vencor*, 279 F.3d at 1311-12. While Kelly contends that certain statements in the magistrate's "Initial Order of Instructions to *Pro Se* Litigant," precluded him from ascertaining the status of his § 2255 proceeding, this contention lacks merit. The magistrate's order merely informed Kelly that the clerk of court could provide him with case-status information, and instructed him that his communications with the court should be in the form of motions and pleadings. At best, Kelly has demonstrated only that the clerk did not provide him with notice of the court's judgment, as required by Fed.R.Civ.P. 77(d), and this showing, without more, would be insufficient to warrant relief under the unique circumstances doctrine. *See Vencor*, 279 F.3d at 1312-13 & n.5.

Accordingly, the argument that Kelly raised in his Rule 60(b) motion—that he was entitled to relief because the court did not provide him with notice of the judgment denying relief under § 2255—lacked merit. Moreover, although Kelly alleged that surprise or excusable neglect excused his failure to file a timely notice

of appeal from the denial of his § 2255 motion, he did not allege surprise or excusable neglect in connection with the judgment from which he sought relief—the court's order denying his motion to reopen the appeal period. *See* Fed.R.Civ.P. 60(b)(1). Accordingly, the court did not abuse its discretion by denying Kelly's motion under Rule 60(b)(1) or (6), and we affirm as to this issue. *See* Fed.R.Civ.P. 60(b)(1), (6); *Farris,* 333 F.3d at 1216. *Rice*, 88 F.3d at 919.

## IV.

We do not consider issues that are not certified for appellate review in the COA. *See Murray*, 145 F.3d at 1251. In *Jones v. United States*, we noted that, when a district court grants a COA on some, but not all, issues raised in a § 2255 motion, a movant may seek a broader COA by "explicit[ly] request[ing]" that we consider an uncertified issue. 224 F.3d 1251, 1255-56 (11th Cir. 2000). A movant's request to expand the COA "must be filed promptly, well before the opening brief is due," and arguments in the brief addressing issues outside the COA "simply will not be reviewed." *Tompkins v. Moore*, 193 F.3d 1327, 1332 (11th Cir.1999).

We deny Kelly's request that we expand the district court's COA, because Kelly failed to make this request before he filed his initial brief on appeal. *See Tompkins*, 193 F.3d at 1332. Moreover, as discussed above, even if Kelly timely

13

had filed a motion to expand the district court's COA, we would lack jurisdiction to consider Kelly's substantive arguments regarding the merits of his § 2255 motion, as he failed to timely file a notice of appeal from the court's order denying the motion.

**AFFIRMED.**