[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 5, 2011
JOHN LEY
CLERK

No. 10-13190
Non-Argument Calendar
_____

D.C. Docket Nos. 9:09-cv-80039-KAM & 9:07-cr-80104-KAM-1

JAMES J. PETROLA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 5, 2011)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

On January 4, 2008, the district court sentenced James Petrola on a plea guilty to a prison term of 57 months for conspiracy to distribute and dispense controlled substances , in violation of 21 U.S.C. § 846.[1]  On January 12, 2009, Petrola, proceeding pro se, moved the district court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  He amended his motion on February 24, 2009, to provide the bases for such relief: (1) he was not mentally competent to plead guilty; (2) his attorney provided ineffective assistance of counsel by failing to request a psychiatric evaluation and a competency hearing; and (3) his sentence was excessive.

The district court referred the motion to a magistrate judge, who issued a Report and Recommendation ("R & R") on August 11, 2009, recommending that the motion be denied.  The R & R stated that the record of the Federal Rule of Criminal Procedure 11 plea hearing established that Petrola was competent to proceed, that his lawyer was not ineffective in failing to request a competency

---

[1]  At the time he committed the offense, Petrola was a licensed osteopathic physician in Palm Beach County, Florida.  In addition to the 21 U.S.C. § 846 offense, the indictment charged him with two counts of dispensing controlled substances—Roxicodone/Oxicodone, Valium/Diazepam, and Klonopin/Clonazepam—outside the course of professional medical practice, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  He pled guilty to the § 846 offense pursuant to a plea agreement which required the Government to dismiss the other two counts.

hearing, and that his sentence was not excessive.[2]  On September 16, 2009, the district court adopted the R & R and entered an order denying Petrola § 2255 relief.

On May 10, 2010, 237 days after the court entered the September 16 order, Petrola, through retained counsel, moved the court to grant him leave to file an out-of-time application for a certificate of appealability ("COA") and notice of appeal.  His motion stated that he had not received notice of the entry of the September 16 order.  The district court concluded that Petrola was not entitled to relief under Federal Rule of Appellate Procedure 4(a)(6) because he had not filed his motion within 180 days after the September 16 order, as required by the rule.  Referring to this court's decision in *Vencor Hospitals, Inc. v. Standard Life & Acc. Ins. Co.*, 279 F.3d 1306 (11th Cir. 2002), the district court noted that "Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered," and that Petrola was not entitled to the requested extension.  Petrola moved the district court to reconsider its ruling.  The court denied his motion.  He filed a second motion for

---

[2]  The magistrate judge treated Petrola's claims as having been brought as facets of his claim that his lawyer had rendered ineffective assistance in connection with the plea agreement and plea hearing and at sentencing.

reconsideration; it, too, was denied. Petrola now appeals the district court's denial of his second motion for reconsideration.

On appeal, Petrola argues that the district court erred in denying his second motion for reconsideration, to-wit: the court should have tolled the time period from the date of the decision denying his § 2255 motion, September 16, 2009, until the date that he discovered his petition had been denied.

We review a district court's denial of a motion to reopen the time period to file a notice of appeal, pursuant to Rule 4(a)(6), for abuse of discretion. *See McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002) (reviewing the issue of whether the district court abused its discretion by denying the 28 U.S.C. § 2254 petitioner's request to reopen the time period to file a notice of appeal). "[We] review *de novo*, however, a district court's interpretation of [Rule 4(a)(6)]." *Vencor Hosps., Inc.*, 279 F.3d at 1308.

A party must file a notice of appeal within 30 days after the judgment or order being appealed is entered, or within 60 days if the government is a party. Fed. R. App. P. 4(a)(1)(A), (B); *Vencor*, 279 F.3d at 1309.[3] Ordinarily, a habeas petitioner's failure to timely file a notice of appeal is "fatal" to his appeal,

_____

[3] *Pro se* litigants, like counseled parties, must adhere to time requirements. *See Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

"because the timely filing of a notice of appeal is mandatory and jurisdictional." *Hollins v. Dep't of Corr.*, 191 F.3d 1324, 1326 (11th Cir. 1999). Although Federal Rule of Civil Procedure 77(d) requires the clerk of court to provide the parties with notice of judgments and orders, "lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as provided by [Rule 4(a)]." *Vencor*, 279 F.3d at 1309 (citing Fed.R.Civ.P. 77(d)(2)).

Rule 4(a) includes two provisions that address a district court's authority to extend the time to file a notice of appeal—subsection (5) (Motion for Extension of Time), and subsection (6) (Reopening the Time to File an Appeal). *See generally* Fed. R. App. P. 4(a). A party relying on Rule 4(a)(5) must file his motion "no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5). Where a party claims that the time to file a notice of appeal should be extended or reopened because he did not receive notice of an appealable order or judgment, the claim is best analyzed under Rule 4(a)(6), which was designed to address this situation. *See Sanders v. United States*, 113 F.3d 184, 186 (11th Cir. 1997).

Pursuant to Rule 4(a)(6), the district court:

may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A)     the court finds that the moving party did not receive notice under [Fed. R. Civ. P. 77(d)] of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B)     the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under [Fed. R. Civ. P. 77(d)] of the entry, whichever is earlier; and,

(C)     the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). The advisory committee notes to Rule 4(a)(6) provide that this provision "establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal." Fed. R. App. P. 4 advisory committee's note to 1991 amendment. Rule 4(a)(6) "balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." *Vencor*, 279 F.3d at 1309. A district court is not authorized to reopen the time to file a notice of appeal based on lack of notice when more than 180 days have passed since the entry of the judgment or order at issue, and "[t]o permit extensions of the time to appeal beyond the 180-day limit . . . would effectively

6

thwart the purpose of [Rule 4(a)(6)]." *Id.* at 1310-11. The Supreme Court has interpreted the time limit provided by Rule 4(a)(6) as a jurisdictional bar to appeal:

> Because Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in § 207(c), that limitation is more than a simple "claim processing rule." As we have long held, when an "appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.

*Bowles v. Russell*, 551 U.S. 205, 213, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007).

Having considered this body of law, we conclude that the district court did not err by denying Petrola's second motion for reconsideration of the order denying Petrola's motion to file an out-of-time notice of appeal and application for a COA. The court's hands were tied by Rule 4(a)(6). The court could not extend the time period for taking an appeal; it lacked the authority to fashion an exception to this rule since Petrola's motion to file an out-of-time notice of appeal exceeded the 180 days provided for by the Rule 4(a)(6) exception. *See Bowles*, 551 U.S. at 214. 127 S.Ct. at 2366; *see Vencor*, 279 F.3d at 1310-11.

AFFIRMED.