[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12141
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cv-00025-CDL-MSH

JAMES HOLSEY,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 20, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

James Holsey, appearing *pro se*, appeals the district court's denial of his motion to reopen the time to file a notice of appeal from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition.  On appeal, Holsey argues that the district court erred in failing to grant his motion to reopen because he never received the district court's April 22, 2013 order dismissing his petition.

We generally review a district court's denial of a party's motion to reopen the time period to file a notice of appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(6), for abuse of discretion.  *McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002).  We liberally construe a *pro se* litigant's pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A party must file a notice of appeal within 30 days after the judgment or order being appealed is entered.  Fed. R. App. P. 4(a)(1)(A).  Ordinarily, a party's failure to timely appeal is fatal to his appeal because the timely filing of a notice of appeal is mandatory and jurisdictional.  *Hollins v. Dep't of Corr.*, 191 F.3d 1324, 1326 (11th Cir. 1999).  Although Federal Rule of Civil Procedure 77(d) requires the clerk of court to provide the parties notice of judgments and orders, lack of notice of the entry by the clerk does not affect the time to appeal or relieve, or authorize the court to relieve, a party for failure to appeal within the time allowed, except as provided in Rule 4(a) of the Federal Rules of Appellate Procedure.  Fed. R. Civ. P. 77(d)(1), (2).

2

Pursuant to Rule 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days if three conditions are satisfied. Fed. R. App. P. 4(a)(6). First, the court must find that the moving party did not receive notice within 21 days of the entry of the order or judgment that it seeks to appeal. *Id.* 4(a)(6)(A). Second, the party must move to reopen the appeal period within 180 days after the order or judgment is entered or within 14 days after receiving notice of the entry, whichever is earlier. *Id.* 4(a)(6)(B). Third, the court must find that no party would be prejudiced if the window to appeal were reopened. *Id.* 4(a)(6)(C).

The party moving under Rule 4(a)(6) bears the burden of showing non-receipt or delayed receipt of the order or judgment it wishes to appeal. *McDaniel*, 292 F.3d at 1307. Further, the 180-day limit set forth in Rule 4(a)(6) provides the exclusive opportunity for relief, as allowing an extension of time to appeal beyond this 180-day limit would "effectively thwart the purpose of [Rule 4(a)(6)]." *Vencor Hosp., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1310-11 (11th Cir. 2002).

The district court did not abuse its discretion in denying Holsey's motion to reopen the time to file a notice of appeal. The district court entered the order and judgment from which Holsey appeals on April 22, 2013. Therefore, the time in which Holsey had to file a motion to reopen the time to appeal pursuant to Rule 4(a)(6) expired 180 days later, on October 19, 2013. Because Holsey did not file

his motion to reopen until January 29, 2014, he was well over the 180-day limit prescribed by Rule 4(a)(6).  Although Holsey argues that he did not receive notice of the filing of the order as required pursuant to Federal Rule of Civil Procedure 77(d), because he did not meet the requirement of Federal Rule of Appellate Procedure 4(a)(6)(B), the district court was not authorized to grant his motion to reopen.

    **AFFIRMED.**