[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11985
Non-Argument Calendar

_____

D.C. Docket Nos. 6:16-cv-02067-ACC-DCI; 6:13-cr-00173-ACC-LRH-1

ALAN GREGORY ENDER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 29, 2021)

Before MARTIN, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Alan Ender, a federal prisoner proceeding pro se, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b)(6) motion, which the court construed as a request under Federal Rule of Appellate Procedure 4(a)(6) to reopen the time to file an appeal from the denial of Ender's 28 U.S.C. § 2255 motion. Ender argues the district court misconstrued his Rule 60(b) motion and incorrectly focused on his counsel's failure to notify him of the denial of his § 2255 motion when, in fact, his Rule 60(b) motion also concerned attorney abandonment. After review,[1] we affirm.

The statutory time limit for filing a notice of appeal in a civil case is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see also Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16 (2017). In a civil case where the United States is a party, the appellant must file a notice of appeal no later than 60 days after the challenged order or judgment is entered on the docket. Fed. R. App. P. 4(a)(1)(B)(i); 28 U.S.C. § 2107(b)(1). A district court may not extend the time to file a notice of appeal, except as authorized by Rule 4. Fed. R. App. P. 26(b)(1).

---

[1] We review a district court's denial of a request to reopen the time to file an appeal for an abuse of discretion. *See McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002). We review de novo the interpretation of the rules of federal procedure. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

Federal Rule of Appellate Procedure 4(a)(6) "provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered." *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1311 (11th Cir. 2002). Under Rule 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if: (1) the moving party did not receive notice of the judgment within 21 days of its entry; (2) the motion is filed within 180 days after the judgment is entered or within 14 days after the moving party receives notice of the judgment, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107(c). Therefore, the rule provides an outer limit of 180 days for a party who fails to receive timely notice of the entry of judgment. *Vencor*, 279 F.3d at 1310-11.

The district court did not err in construing Ender's Rule 60(b)(6) motion as a motion to reopen the time to file an appeal under Rule 4(a)(6). Ender filed his Rule 60(b) motion for relief from judgment in April of 2020—more than two years after the district court denied his § 2255 motion in March of 2018. In his Rule 60(b) motion, Ender did not challenge the judgment itself or anything that produced it. Instead, his complaint was only that his counsel did not timely notify him of the judgment and file a notice of appeal. The court therefore did not err in construing Ender's motion as seeking to reopen the appeal period under Rule

3

4(a)(6), which provides the exclusive method for extending the time to appeal based upon a lack of notice of the entry of judgment. *See Vencor*, 279 F.3d at 1311; *see also Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (stating that when a pro se appellant alleges he did not receive timely notice of the entry of judgment, this Court will treat his notice of appeal as a Rule 4(a)(6) motion). Ender could not use Rule 60(b) "to circumvent the 180-day limitation set forth in Rule 4(a)(6)." *See Vencor*, 279 F.3d at 1311; Fed. R. App. P. 26(b)(1).

Ender argues the district court should have analyzed his motion under Rule 60(b)(6) because he was seeking relief based not only on lack of notice of the judgment, but also based on attorney abandonment. Ender argued in his Rule 60(b) motion that after learning in December of 2019 that his § 2255 motion had been denied, he repeatedly asked his attorney to file an out-of-time appeal, but his attorney failed to do so. But even assuming this was adequate to raise an attorney abandonment argument in the district court, Ender provides no support for the proposition that attorney neglect or abandonment can provide an equitable exception to Rule 4. *See Bowles*, 551 U.S. at 214 (stating courts have "no authority to create equitable exceptions to jurisdictional requirements"); *see also Jackson v. Crosby*, 437 F.3d 1290, 1296 (11th Cir. 2006) (holding petitioner could not use Rule 60(b) to "resuscitate the time to file an appeal" where petitioner's attorney failed to file a timely tolling motion).

Having properly construed Ender's motion as requesting relief under Rule 4(a)(6), the district court did not abuse its discretion in denying the motion, which was filed far beyond the 180-day outer time limit Rule 4(a)(6) provides.  *See* Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107(c); *Vencor*, 279 F.3d at 1310-11.

Accordingly, we affirm.

**AFFIRMED.**